DANIEL R. BARADAT, #068651
KEVIN B. KALAJIAN, #263468
Baradat & Paboojian, Inc.
720 West Alluvial Avenue
Fresno, California 93711-5705
Telephone:  (559) 431-5366
Facsimile:  (559) 431-1702
Email:  drb@bplaw-inc.com
        kbk@bplaw-inc.com

Attorneys for Plaintiffs, CRYSTAL RICHARDS, MICHAEL RICHARDS and CAROLINE CUELLAR

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL RICHARDS, MICHAEL RICHARDS, CAROLINE CUELLAR, <br><br> Plaintiffs, <br><br> v. <br><br> FAMILY HEALTHCARE NETWORK; ELIZABETH ENDERTON, D.O.; THE UNITED STATES OF AMERICA; KAWEAH DELTA HEALTHCARE DISTRICT, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES |

Plaintiffs complain of Defendants, and for a cause of action, allege:

### FIRST CAUSE OF ACTION

I

That this action is brought under the Federal Tort Claims Action 28 U.S.C., Sections 1346(b) and 2671, et. seq., that Plaintiffs, CRYSTAL RICHARDS, MICHAEL RICHARDS and CAROLINE CUELLAR, are citizens of the United States and residents of the State of California. Plaintiffs' Decedent, Liana Richards, was born at Kaweah Delta Medical Center on January 30, 2019. CRYSTAL RICHARDS is the mother and MICHAEL RICHARDS is the father of Liana Richards, deceased; CAROLINE CUELLAR is the maternal grandmother of Liana Richards, deceased.

///

## II

That on or about October 8, 2019, Plaintiffs duly filed their Claim for Damages with Defendants, FAMILY HEALTHCARE NETWORK and ELIZABETH ENDERTON, D.O., through their agents, U.S. Department of Health & Human Services; that said Claim has not been acted upon by said agency as of the date of this Complaint, and therefore Plaintiffs elect to deem said non-response as a denial.

## III

On or about July 11, 2019, Plaintiffs presented appropriate governmental claims to the KAWEAH DELTA HEALTH CARE DISTRICT, and on or about October 4, 2019, Plaintiffs filed a Complaint for Damages against KAWEAH DELTA HEALTH CARE DISTRICT, ELIZABETH ENDERTON, D.O., and FAMILY HEALTHCARE NETWORK in the Superior Court, County of Tulare, in order that the statute of limitations of one year not bar recovery against KAWEAH DELTA HEALTH CARE DISTRICT.

## IV

On or about November 19, 2019, the UNITED STATES OF AMERICA, through the United States Attorney's Office, filed a limited appearance in this Court stating that, "The United States Attorney … will determine whether the alleged acts fall within the scope of 42 U.S.C. §3233(a) and the applicable provisions of the Federally Supported Health Centers Assistance Act, and Dr. Enderton's deemed employment."

## V

On or about January 2, 2020, the United States Attorney's Office filed a pleading in this Court stating that, "The United States of America is hereby substituted in this action in place of Defendants Family Healthcare Network and Elizabeth Enderton, D.O." The basis for said substitution was the "Certification of course and scope of employment," also filed with this Court on or about January 2, 2020.

///

///

///

## VI

The United States of America also filed a Notice of Removal of the action filed in Tulare County into the Federal Court for the Eastern District of California, together with a Notice to State Court and Parties of Removal of Civil Action to the United States District Court.

## VII

On or about January 10, 2020, Plaintiffs' counsel filed a Notice of Adverse Party of Removal to Federal Court and Amended Notice with Case No. 1:20-CV-0009-AWI-EPG assigned.

## VIII

On or about January 2, 2020, United States Magistrate Judge Erica P. Grosjean filed and served an Order Setting Mandatory Scheduling Conference for March 19, 2020.

## IX

On or about January 9, 2020, the United States District Court for the Eastern District of California continued the Mandatory Scheduling Conference to April 29, 2020.

## X

On or about February 20, 2020, the Plaintiffs and The United States of America stipulated to Vacating Hearing and Dismissing the Claims against The United States of America <u>without prejudice</u>, as the six-month time after presentation of the Claim to the United States had not passed prior to the United States removing this case to the District Court.

## XI

At all times mentioned herein, the KAWEAH DELTA HEALTH CARE DISTRICT owned and operated the Kaweah Delta Medical Center, and employed agents and employees there.

## XII

That at all times mentioned herein, Defendant, THE UNITED STATES OF AMERICA, owned, operated, maintained, and staffed a medical office and facility in the City of Visalia, County of Tulare, State of California, known as the FAMILY HEALTHCARE NETWORK, for which Defendant, ELIZABETH ENDERTON, D.O., was an agent and employee.

///

///

### XIII

That at all times mentioned herein, Defendants employed and provided at said facilities, physicians, nurses and healthcare practitioners duly licensed to practice medicine, nursing and other related providers in the State of California, and each of them has held themselves out, and has been held out by Defendants, to possess that degree of skill, ability and learning common to such medical practitioners in said community.

### XIV

On or about January 30, 2019 through January 31, 2019, Plaintiff, CRYSTAL RICHARDS consulted the Defendants as said facilities for the purpose of obtaining a diagnosis and treatment of an injury, condition, and illness, specifically maternal delivery of a child, and Defendants agreed to care for and treat Plaintiff, CRYSTAL RICHARDS, and do all things necessary and proper in said care and treatment.

### XV

Pursuant to said agreement, and on or about January 30, 2019 through January 31, 2019, Plaintiff, CRYSTAL RICHARDS, was examined, diagnosed, underwent laboratory testing, imaging studies, and was otherwise treated by Defendants, and each of them who failed to properly and promptly summon appropriate medical or nursing support staff, resulting in the live birth and subsequent death of Liana Richards, infant child of CRYSTAL RICHARDS and MICHAEL RICHARDS.

### XVI

That during said time, when Plaintiff, CRYSTAL RICHARDS was under the exclusive medical care and control of Defendants, Defendants, and each of them, failed to use reasonable care or skill common to medical practitioners in the community and further failed to use reasonable care in the diagnosis and treatment of said condition, illness and injury, and at all times each of said Defendants was acting as the agent of each other Defendant. Further, MICHAEL RICHARDS husband of CRYSTAL RICHARDS, and CAROLINE CUELLAR, mother of CRYSTAL RICHARDS, witnessed and were aware of the negligent acts as they occurred, and suffered negligent infliction of emotional distress damages.

### XVII

That as a direct and legal result of the negligence and carelessness of Defendants, Plaintiff, CRYSTAL RICHARDS and her infant child, were caused and allowed to become severely and seriously injured, and Plaintiffs have suffered great physical and mental pain and bodily injuries, in addition to the wrongful death claims of CRYSTAL RICHARDS and MICHAEL RICHARDS, for the death of their infant daughter, Liana Richards.

### XVIII

That as a further direct and legal result of the negligence and carelessness of Defendants, Plaintiffs were required to and did employ physicians and surgeons to examine, treat and care for them, and did incur in the past and will incur in the future, medical, hospital, and other related expenses for such examinations, treatment and care. The full extent of those amounts are presently unknown. However, Plaintiffs are informed and believe and thereon allege that the amount of these expenses is far in excess of the jurisdictional minimum of this Court.

### XIX

That as a further direct and legal result of the negligence and carelessness of Defendants, Plaintiffs have suffered a loss of earnings and will incur income losses in the future due to their diminished earning capacity. Plaintiffs are informed and believe and thereon allege that the amount of the present value of their future income loss sustained is far in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiffs pray judgment against Defendants, as follows:

1. Non-Economic damages in an amount according to proof;
2. Economic damages according to proof;

///
///
///
///
///
///

3. All costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

DATED: April 20, 2020                    BARADAT & PABOOJIAN, INC.


By:  /s/   Daniel R. Baradat
     DANIEL R. BARADAT
     KEVIN B. KALAJIAN
     Attorneys for Plaintiffs,
     CRYSTAL RICHARDS, MICHAEL
     RICHARDS and CAROLINE CUELLAR